IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Olayinka Ajamu Babatunde, a/k/a Michael McCoy, | ) ) C/A No. 4:10-0291-MBS |
| Plaintiff, | ) ) ) |
| vs. | ) **O R D E R** |
| The County of Marlboro, | ) ) ) |
| Defendant. | ) ) ) |

Plaintiff Olayinka Ajamu Babatunde is an inmate in custody of the South Carolina Department of Corrections who currently is housed at the Perry Correctional Institution in Pelzer, South Carolina. Plaintiff, proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 on February 11, 2010, alleging that his constitutional rights were violated because his underlying criminal charges were not disposed of within 180 days.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996. On April 26, 2010, the Magistrate Judge issued a Report and Recommendation in which he recommended that the complaint be dismissed because Plaintiff had failed to identify a county "policy" or "custom" that caused Plaintiff's injury. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978). The Magistrate Judge further determined that, while Plaintiff's state court criminal defense attorney, Douglas Jennings, was not named as a defendant in this action, any claims against him are not cognizable because Jennings is not a state actor for

purposes of under 42 U.S.C. § 1983. Accordingly, the Magistrate Judge recommended that the complaint be dismissed without prejudice and without issuance of service of process. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record and adopts the Magistrate Judge's recommendation.[1] Plaintiff's complaint is dismissed without prejudice and without issuance and

---

[1] The Magistrate Judge referred to Defendant Marlboro County as a "municipality." Entry 14, 3. A municipality is a "political unit, as a city or town, incorporated for local self-government." Webster's II New College Dictionary 721 (1995). A county is "an administrative subdivision of a U.S. state." Id. at 259. Regardless, the "custom or policy" doctrine of Monell applies to counties and other local governments in addition to municipalities. See, e.g., Sindram v. Saxton, 955 F.2d 42, *1 (1992) (unpublished) (stating that "the county may only be held liable if there is a policy or custom known by policy makers and there is an intentional or deliberately indifferent failure to correct the situation") (citing Spell v. McDaniel, 824 F.2d 1380 (4th Cir. 1987)). Thus, the reference of the Magistrate Judge to Marlboro County as a "municipality" does not change the analysis.

service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

May 28, 2010.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**